IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RANDY RICE,

    Petitioner,

v.                                                                              No. 1:18-cv-02711-JDB-jay

BERT C. BOYD,

    Respondent.

ORDER DENYING MOTION FOR DISCOVERY
AND
DIRECTING PETITIONER TO FILE DOCUMENT

On October 11, 2018, Petitioner, Randy Rice, filed a pro se habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) Briefing by Rice and Respondent, Bert C. Boyd, on the claims set forth in the Petition was completed on August 4, 2020. More than four months later, Petitioner filed a motion for discovery, which is now before the Court. (D.E. 37.) For the following reasons, the motion is DENIED.

The inmate seeks written statements or notes he alleges law enforcement created at the time they interviewed a key witness who testified against him at his criminal trial. He asserts that the purported materials were unlawfully withheld by the prosecution and that they support his claim of a violation under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). He avers that he has undertaken numerous efforts at securing the materials, including making a public records request from the Tennessee Public Defenders Office on September 5, 2017. He has not indicated when he received a response to that request or the substance of any such a response.[1] Respondent, Bert C. Boyd,

---

[1] The Court assumes that Petitioner's failure to provide the result of his public records request was inadvertent.

opposes the motion, arguing that Petitioner has not provided any specific factual allegations that would suggest that the documents he seeks actually exist, and that he does not specify how the documents, if extant, would have been material to his defense. (D.E. 38.)

"Habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Instead, discovery in habeas cases is controlled by Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("Habeas Rules"), which states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Habeas Rule 6(a). *See also Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) ("For good cause shown, the district court has the discretion to permit discovery in a *habeas* proceeding."). To establish good cause, "the petitioner must set forth specific allegations of fact." *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) (quoting *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (brackets and internal quotation marks omitted)).

In the present matter, Petitioner has not established good cause to grant his discovery request. He surmises that the documents he seeks actually exist and he fails to allege with specificity how they would have been material to his defense. In addition, he filed his request for discovery several months after substantive briefing concluded, and he has not explained the reason for the delay. The motion is therefore DENIED.

Nevertheless, at the time it reviews the merits of the Petition and the parties' substantive briefs, the Court will determine if an evidentiary hearing or additional materials are required. *See* Habeas Rules 7 and 8. To help inform the Court's determination, Petitioner is DIRECTED to file,

within twenty-eight days of entry of this order, the response he received from the Tennessee Public Defenders Office to his public records request.

    IT IS SO ORDERED this 26th day of August 2021.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE