IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RANDY A. RICE,

      Petitioner,

v.                                    No. 1:18-cv-02711-JDB-jay

WARDEN BRIAN ELLER,

      Respondent.

ORDER DENYING PETITIONER'S RULE 60(B) MOTION

Before the Court is the pro se Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) of Petitioner, Randy Rice, Tennessee Department of Correction prisoner number 385042, an inmate confined at the Northeast Correctional Complex in Mountain City, Tennessee. (Docket Entry ("D.E.") 52.) Respondent, Warden Brian Eller, responded in opposition, (D.E. 59), and Petitioner replied. (D.E. 60.) Respondent filed a sur-reply after seeking leave from the Court. (D.E. 62; D.E. 65.) Petitioner submitted a sur-reply to Respondent's sur-reply after being granted leave of Court. (D.E. 63; D.E. 64.) For the following reasons, Petitioner's Rule 60(b) motion is DENIED.

I.      BACKGROUND

Rice was convicted by a Madison County jury of first degree felony murder and facilitation of especially aggravated robbery. *State v. Rice*, No. W2010-00146-CCA-R3-CD, 2011 WL 3556973, at *1 (Tenn. Crim. App. Aug. 9, 2011). The state trial court sentenced Petitioner to a total effective sentence of life imprisonment plus twelve years. *Id.*

Rice filed a direct appeal to the Tennessee Court of Criminal Appeals ("TCCA"). *Id.* Among other things, he argued that the evidence was insufficient to support his convictions. *Id.* at *3-6. The TCCA affirmed the judgments of the state trial court. *Id.* at *8. The Tennessee Supreme Court denied discretionary review. (D.E. 13-18.)

Petitioner filed a pro se petition for state post-conviction relief. (D.E. 13-19 at PageID 1213-52.) He alleged that his trial and appellate counsel were ineffective on various grounds. (*Id.* at PageID 1228-51.) Petitioner later filed an amended petition through appointed counsel. (*Id.* at PageID 1297-1301.)

The state post-conviction trial court held an evidentiary hearing on Rice's amended petition and denied relief in a written order. (D.E. 13-19 at PageID 1319-21.) The TCCA affirmed the denial of habeas relief. *Rice v. State,* No. W2016-02592-CCA-R3-PC, 2017 WL 4570537, at *7 (Tenn. Crim. App. Oct. 12, 2017). The Tennessee Supreme Court denied Petitioner's application for permission to appeal. (D.E. 13-42.)

Rice filed a pro se petition under 28 U.S.C. § 2254 on October 11, 2018. (D.E. 1 (the "Petition").) He raised numerous issues, including a claim that the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (D.E. 1-1 at PageID 7-13.) In particular, he alleged that the State wrongfully withheld police statements made by a witness, Cory Bowers. (*Id.* at PageID 11.) Petitioner argued that the undisclosed statements could have been used to impeach the witness's credibility at trial.[1] (*Id.* at PageID 8.)

---

[1] Bowers gave information to law enforcement about Petitioner's involvement in the robbery and murder of David Martin. *Rice*, 2011 WL 3556973, at *1. At the time, Bowers was facing federal drug charges and was seeking a reduction of his sentence in exchange for his cooperation in Petitioner's case. *Id.* At trial, Bowers testified that Petitioner had twice approached him to discuss robbing Martin. *Id.* at *2. Bowers testified that he had refused to participate in the robbery. *Id.* According to the witness, Petitioner later confessed that he had stolen Martin's money and had shot Martin after a struggle. *Id.*

The Court denied the Petition on March 31, 2022. (D.E. 43.) The Court determined that Rice's *Brady* claim was procedurally defaulted, and that Petitioner had failed to show prejudice to excuse his procedural default. (*Id*. at PageID 2731.) As an initial matter, the Court concluded that the existence of any undisclosed impeaching statements by Bowers was "speculative." (*Id*. at PageID 2738.) Even assuming that the allegedly undisclosed statements existed and were "flatly contradictory" to Bowers's trial testimony as Petitioner claimed, the Court concluded that Petitioner could not show prejudice given that he had confessed to his crimes in a November 13, 2007, police statement. (*Id*.)

Petitioner appealed the Court's judgment denying the Petition and moved for a certificate of appealability ("COA"). *Rice v. Boyd*, No. 22-5413, 2022 WL 16835874, at *1 (6th Cir. Oct. 25, 2022). The Sixth Circuit denied a COA. *Id*. at *6. With respect to Petitioner's *Brady* claim, the Sixth Circuit determined that reasonable jurists would not debate this Court's conclusion that the claim was procedurally defaulted. *Id*. at *4. Further, the Sixth Circuit agreed that Petitioner had failed to show cause and prejudice to excuse his default because he "did not produce evidence that any nondisclosed statements by Bowers existed." *Id*.

While his appeal to the Sixth Circuit was pending, Rice sought to reopen his state post-conviction proceedings under Tennessee Code Annotated § 40-30-117. (D.E. 59-1 at PageID 2926.) His request was based on a recording of a November 2007 interview with Bowers that had not been disclosed to Petitioner until July 2022, and that such nondisclosure was in violation of *Brady*.[2] (*Id*.) The state post-conviction trial court denied Petitioner's motion to reopen. (*Id*. at PageID 2937.) The court determined that there was no statutory basis for reopening the

---

[2] Petitioner relied on this evidence in seeking a stay of his appeal before the Sixth Circuit, so that he could return to state court to exhaust a claim that "newly discovered evidence" supported a claim of actual innocence. *Rice*, 2022 WL 16835874, at *5. The Sixth Circuit denied Petitioner's motion to stay the resolution of his COA application. *Id*.

proceedings under § 40-30-117.  (*Id*. at PageID 2936-37.)  Further, the court found that the motion could not be treated as a petition for a writ of error coram nobis because it was untimely and because *Brady* claims could not be raised in an error coram nobis petition.  (*Id*. at PageID 2926.)

Rice filed an application for permission to appeal on April 10, 2023.  (*Id*. at PageID 2936.) The TCCA denied permission to appeal, agreeing with the state post-conviction trial court that there was no statutory basis for reopening the post-conviction proceedings.  (*Id*. at PageID 2937.) The TCCA also agreed that Petitioner's *Brady* claim "could not be litigated in an error coram nobis proceeding."  (*Id*.)  Even if the *Brady* claim could be considered, the TCCA concluded that Petitioner could not show prejudice given his confession.  (*Id*.)  The Tennessee Supreme Court denied Petitioner's application for discretionary review on November 20, 2023.  (*Id*. at PageID 2938.)

Rice then moved the Sixth Circuit for authorization to file a second § 2254 petition based on newly discovered evidence that the prosecution had violated *Brady* when it failed to disclose Bowers's November 2007 statement.  (D.E. 50 at PageID 2772.)  The Sixth Circuit denied the motion on June 21, 2024, and relying on *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000), concluded that this Court's prior determination that Petitioner's *Brady* claim was procedurally defaulted was an adjudication on the merits.  (*Id*. at PageID 2772-73.)  Because the motion for authorization "merely supplement[ed]" Petitioner's prior *Brady* claim with evidence of Bowers's actual statement, the proposed claim was barred by 28 U.S.C. § 2244(b)(1).[3]  (*Id*. at PageID 2773-74.)

The Sixth Circuit explained that even if the claim were not barred by § 2244(b)(1), Petitioner's motion would still be denied because he had failed to show "by clear and convincing

---

[3] That statutory provision provides that "[a] claim presented in a second or successive habeas corpus application under [§] 2254 that was presented in a prior application shall be dismissed."  § 2244(b)(1).

evidence" that the jury would have acquitted him.  (*Id.* at PageID 2774.)  As the Court explained,

Petitioner's "own statements were sufficient for the jury to convict him of felony murder because

he admitted that he aided and abetted [his co-defendant] in robbing and murdering [the victim]."

(*Id.* (citing *Rice*, 2011 WL 3556973, at *6).)

Rice filed the instant Rule 60(b) motion on August 8, 2025.  (D.E. 52.)

II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may grant a party relief from a final

judgment for one of several defined reasons:

(1)    mistake, inadvertence, surprise, or excusable neglect;
(2)    newly discovered evidence that, with reasonable diligence, could not have
       been discovered in time to move for a new trial under Rule 59(b);
(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation,
       or misconduct by an opposing party;
(4)    the judgment is void;
(5)    the judgment has been satisfied, released or discharged; it is based on an
       earlier judgment that has been reversed or vacated; or applying it
       prospectively is no longer equitable; or
(6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "[T]he party seeking relief under Rule 60(b) bears the burden of establishing

the grounds for such relief by clear and convincing evidence."  *Info-Hold, Inc. v. Sound Merch.,*

*Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

A district court's discretion to grant relief from a judgment under Rule 60(b) "is

circumscribed by public policy favoring finality of judgments and termination of litigation." *Jones*

*v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (internal quotation marks and citation omitted).

"Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his

or her favor by presenting new explanations, legal theories, or proof."  *Jinks v. AlliedSignal, Inc.*,

250 F.3d 381, 385 (6th Cir. 2001) (citing *Couch v. Travelers Ins. Co.*, 551 F.2d 958, 959 (5th Cir.

1977)).

III.    ANALYSIS

Rice states that his Rule 60(b) motion is based on subsection (1) "and/or" subsection (3). (D.E. 52 at PageID 2776.)  A Rule 60(b) motion seeking relief from a judgment under subsection (1) or (3) must be brought "no more than a year after the entry of the judgment."  Fed. R. Civ. P. 60(c)(1).  He filed the instant Rule 60(b) motion on August 8, 2025—over three years after the Court entered its judgment denying habeas relief on March 31, 2022.  (*See* D.E. 44.)

Petitioner argues that he is entitled to relief from this Court's judgment based on Bowers's 2007 police statement, which was disclosed to Petitioner in July 2022, after the Court denied Petitioner's habeas petition.  (D.E. 52 at PageID 2788.)  Assuming that Bowers's statement could support review under subsection (1) or (3), Rice had until March 2023, one year from the Court's judgment, to seek relief under Rule 60(b).[4]  Fed. R. Civ. P. 60(c)(1).  He could have, but did not, file a Rule 60(b) motion shortly after the disclosure of Bowers's statement in 2022.  Instead, he sought to reopen his state post-conviction proceedings and moved for authorization to file a second § 2254 petition based on newly discovered evidence in the Sixth Circuit.  (*See* D.E. 59-1 at PageID 2926; D.E. 50 at PageID 2772.)  Petitioner did not file his motion with this Court until 2025; therefore, it is untimely.

Rice's motion also references an affidavit executed by his co-defendant, Jessie Rodgers, which purports to absolve Petitioner of culpability for his crimes.  (D.E. 52 at PageID 2787.)  In his reply, Petitioner appears to argue that he is entitled to relief under subsection (6)—Rule 60(b)'s "catch-all" provision because the Rodgers affidavit demonstrates the "exceptional circumstance" of Petitioner's actual innocence.  (D.E. 60 at PageID 2941.)

---

[4] The Court's conclusion would be the same if Petitioner had sought relief under subsection (2) of Rule 60(b) based on "newly discovered evidence."  A motion seeking relief under subsection (2) must also be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

The affidavit, which Rice attached to his Rule 60(b) motion as Exhibit K, was executed on December 31, 2019.[5]  (D.E. 52-11 at PageID 2899-901.)  Rodgers avers that he "told Cor[]y Bowers that [he] was the one who had killed the victim" and that he executed the affidavit "because [Petitioner] is now incarcerated for a crime [that Rodgers] committed."  (*Id*. at PageID 2900-01.) Rodgers further states that: "On the day of the murder, I accompanied [Petitioner] to the victim[']s residence, and attempted to rob the victim.  The robbery did not occur.  I then went back to the victim's home, without [Petitioner], [and] robbed and shot the victim."  (*Id*. at PageID 2900.)

Rule 60(b)(6) applies only in exceptional or extraordinary circumstances where principles of equity mandate relief.  *Olle v. Henry & Wright Corp*., 910 F.2d 357, 365 (6th Cir. 1990).  A litigant seeking relief under that subsection must file their motion in a "reasonable" time.  *Id*. Whether a motion was filed within a reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief."  *Id*. (citations omitted).

Rodgers executed his affidavit in 2019, but Petitioner claims that he received the affidavit "simultaneously" to the July 2022 disclosure of Bowers's 2007 statement.  (D.E. 52 at PageID 2776.)  Petitioner waited over three years to file his Rule 60(b) motion.  Although a district court generally cannot resolve a motion for relief from judgment while an appeal of that judgment is pending, *Post v. Bradshaw*, 422 F.3d 419, 421-22 (6th Cir. 2005), Rice's appeal of the denial of habeas relief ended on October 25, 2022, when the Sixth Circuit denied a COA.  *Rice*, 2022 WL 16835874, at *6.  He did not file his Rule 60(b) motion until August 8, 2025.  (D.E. 52.)  To the

---

[5] The affidavit is signed "Jessie Rogers," but elsewhere in the filings the spelling "Rodgers" is used.  (D.E. 52-11 at PageID 2900-01.)

extent that Petitioner seeks relief under Rule 60(b)(6) based on the Rodgers affidavit, he has not shown that he filed the motion within a reasonable time. *See Olle*, 910 F.2d at 365.

Moreover, the Rodgers affidavit does not show "exceptional or extraordinary circumstances" warranting relief under Rule 60(b)(6). *Id.* (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Rodgers executed his affidavit on December 31, 2019, and he avers that the victim was shot when Rodgers returned to the victim's home without Petitioner. (D.E. 52-11 at PageID 2900-01.) This is contrary to the statement Rodgers gave to law enforcement twelve years earlier. In his signed statement dated November 11, 2007, Rodgers recounted that he accompanied Petitioner to the victim's home and saw Petitioner shoot the victim. (D.E. 62-3 at PageID 3017-18.)

Rodgers's affidavit is also inconsistent with Rice's confession to law enforcement. On November 13, 2007, Petitioner told the police that he "drove Rodgers to the victim's house, dropped him off a short distance from the house, and then circled back to the area as Rodgers went inside the house." *Rice*, 2011 WL 3556973, at *2. "When Rodgers did not exit the house within a short amount of time, [Petitioner] parked his car in front of the victim's house and approached the slightly open door of the victim's residence." *Id.* Petitioner told the police that "[w]hen Rodgers finally appeared," he told Rice "that he and the victim had wrestled over the gun and that he had shot the victim." *Id.* Despite Petitioner's argument to the contrary, the Rodgers affidavit does not establish "extraordinary circumstances" warranting relief under Rule 60(b)(6), nor does it show that Petitioner is actually innocent under *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). (D.E. 60 at PageID 2943.)

Based on the foregoing, Petitioner's untimely Rule 60(b) motion is DENIED.[6]

---

[6] Rice's Rule 60(b) motion attacks this Court's resolution of his *Brady* claim on the merits. (D.E. 52 at PageID 2788-89.) Where a Rule 60(b) motion "attacks the federal court's previous resolution of a claim on the

IT IS SO ORDERED this 13th day of March 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

merits," it is appropriately treated as a "second or successive" habeas petition, requiring authorization from the appellate court. *Gonzalez v. Crosby*, 545 U.S. 524, 531-34 (2005). Indeed, the Sixth Circuit has already determined that Petitioner's *Brady* claim based on the 2007 Bowers statement fell within § 2244 and required authorization as a second or successive habeas petition. (D.E. 50.) Ordinarily, this Court would transfer Petitioner's Rule 60(b) motion to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). Here, however, the Sixth Circuit has already considered and denied a motion for authorization to file a second or successive § 2254 petition to raise a *Brady* claim concerning Bowers's actual statement. (D.E. 50 at PageID 2773-74.) As such, transferring Petitioner's Rule 60(b) motion to the Sixth Circuit would be a waste of judicial resources.