IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RANDY A. RICE,

      Petitioner,

v.                                      No. 1:18-cv-02711-JDB-jay

WARDEN BRIAN ELLER,

      Respondent.

ORDER DIRECTING CLERK TO CLOSE CASE

Petitioner, Randy A. Rice[1] filed a pro se petition under 28 U.S.C. § 2254 on October 11, 2018. (D.E. 1 (the "Petition").)  He raised numerous issues, including a claim that the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (D.E. 1-1 at PageID 7-13.)  In particular, he alleged that the State wrongfully withheld police statements made by a witness, Cory Bowers. (*Id*. at PageID 11.)  Petitioner argued that the undisclosed statements could have been used to impeach the witness's credibility at trial. (*Id*. at PageID 8.) The Court denied the Petition and entered judgment on March 31, 2022.[2]  (D.E. 43; D.E. 44.)  Rice

---

[1] Rice is confined at the Northeast Correctional Complex in Mountain City, Tennessee and is assigned Tennessee Department of Correction ("TDOC") prisoner identification number 385042.  *See* TDOC Felony Offender Information, https://foil.app.tn.gov/foil/search_additional. jsp (prisoner identification number 385042) (last accessed May 4, 2026).

[2] The Court determined that Rice's *Brady* claim was procedurally defaulted, and that Rice had failed to show prejudice to excuse his procedural default. (D.E. 43 at PageID 2731-39.)  The Court concluded that the existence of any undisclosed impeaching statements by Bowers was "speculative." (*Id*. at PageID 2738.)  Even assuming that the allegedly undisclosed statements existed and were "flatly contradictory" to Bowers's trial testimony as Petitioner claimed, the Court concluded that Rice could not show prejudice, given that he had confessed to his crimes in a November 13, 2007, police statement. (*Id*.)

appealed the Court's judgment denying the Petition and moved for a certificate of appealability ("COA").  *Rice v. Boyd*, No. 22-5413, 2022 WL 16835874, at *1 (6th Cir. Oct. 25, 2022).  The Sixth Circuit denied a COA.  *Id*. at *6.[3]

Rice then moved the Sixth Circuit for authorization to file a second § 2254 petition based on newly discovered evidence that the prosecution had violated *Brady* when it failed to disclose Bowers's November 2007 statement.  (D.E. 50 at PageID 2772.)  The Sixth Circuit denied the motion on June 21, 2024, and concluded that this Court's prior determination that Rice's *Brady* claim was procedurally defaulted was an adjudication on the merits.  (*Id*. at PageID 2772-73.) Because the motion for authorization "merely supplement[ed]" Rice's prior *Brady* claim with evidence of Bowers's actual statement, the proposed claim was barred by 28 U.S.C. § 2244(b)(1). (*Id*. at PageID 2773-74.)

On August 8, 2025, Petitioner filed a pro se motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (D.E. 52), which the Court denied on March 13, 2026 because: (1) the motion was untimely for purposes of Rule 60(b)(1) and (3) (*see* D.E. 66 at PageID 3067); (2) he did not file the motion within a reasonable time for purposes of Rule 60(b)(6) (*see id*. at PageID 3067-69); and (3) the motion did not demonstrate exceptional circumstances or Rice's actual innocence for purposes of Rule 60(b)(6).  (*See id*. at PageID 3069).

The Clerk is DIRECTED to mark this case as CLOSED.

IT IS SO ORDERED this 6th day of May 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] With respect to Rice's *Brady* claim, the Sixth Circuit determined that reasonable jurists would not debate this Court's conclusion that the claim was procedurally defaulted.  *Rice*, 2022 WL 16835874, at *4.  Further, the Sixth Circuit agreed that Petitioner had failed to show cause and prejudice to excuse his default because he "did not produce evidence that any nondisclosed statements by Bowers existed."  *Id*.